IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL M. FISCHER ET AL.,

 *Plaintiffs*,

 v.              Civil Action No. ELH-14-1314

ISE AMERICA, INC.,

 *Defendant*.

## MEMORANDUM OPINION

On April 17, 2014, plaintiffs Paul M. Fischer and Patricia Fischer, husband and wife,

filed suit against ISE America, Inc. ("ISE"), defendant. They claim damages under Maryland

tort law for injuries sustained by Mr. Fischer when he fell at a property owned by defendant in

Millington, Maryland. ECF 1. Jurisdiction is founded on diversity of citizenship under 28

U.S.C. § 1332.

ISE has moved to dismiss, pursuant to Fed. R. Civ. P. 9 and 12 ("Motion," ECF 4).

Defendant contends that the Fischers' claims must be dismissed because Mr. Fischer "was an

employee of ISE at the time of this incident," and "therefore his exclusive remedy is to file a

Workers' Compensation claim." *Id*. at 3. ISE did not submit a supporting memorandum, but it

filed two exhibits with its Motion: an "offer of employment letter, marked as Exhibit 1 [(ECF 4-

1)] and the Affidavit of Gregg Clanton, President of ISE, marked as Exhibit 2 [(ECF 4-2)]."

Motion at 2. Defendant also asks the Court to award legal fees and costs. *Id*. at 3.

Plaintiffs oppose the Motion ("Opposition" ECF 6). They argue that Mr. Fischer was an

independent contractor, not an employee of defendant, and therefore "this Court is the proper

venue with subject matter jurisdiction to resolve the disputes and claims raised in Plaintiff's

Complaint." Opposition at 4. Further, they argue that Fed. R. Civ. P. 12(d) requires that defendant's motion to dismiss be converted to one for summary judgment because the Motion "presents matters outside the pleadings," namely, defendant's exhibits. Opposition at 6. To support their claim that Mr. Fischer was not an employee of defendant, plaintiffs have also filed their own exhibits: an affidavit of plaintiff Paul Fischer (ECF 6-1) and Form 1099 tax statements of "Miscellaneous Income" sent by defendant to Mr. Fischer (ECF 6-21).

Defendant has not submitted a reply to plaintiffs' Opposition, and the time to do so has now passed. *See* Local Rule 105.2(a). The Motion has been fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons that follow, I will deny the Motion.

## Factual Background[1]

In their complaint, the Fischers allege that on September 27, 2011, Mr. Fischer entered the "premises known as ISE AMERICA, INC. Company 2 (a/k/a Red Bird Egg Farms, Inc.)" in order to "check on the progress of an equipment installation" on the premises. ECF 1 ¶¶ 6, 8. After Mr. Fischer "completed his inspection," someone asked him to "deliver a case of eggs to the corporate office." *Id*. ¶ 9. As Mr. Fischer was leaving the cooler where he had just retrieved the eggs, he began descending a six-step stairway. *Id*. ¶ 9, 11. "When [Mr. Fischer's] right foot hit the third step, the toe of his shoe became entangled in debris on the stair tread surface." *Id*. ¶ 12. This "caused [him] to fall as a result of his foot being entangled in the packing tape present

---

[1] As discussed below, I will "'accept as true all of the factual allegations contained in the complaint.'" *Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379, 388 (4th Cir. 2014) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). Although both sides have submitted information outside the pleadings, I need not consider it to decide the Motion. *See*, *e.g.*, 637 F.3d at 448-49.

on the stair tread surface." *Id.* ¶ 13.  The same day, Mr. Fischer went to "the closest medical

facility" and was diagnosed with a tendon rupture.  *Id.* ¶¶ 19, 20.  He had surgery the next day,

*id.* ¶ 21, and subsequently was diagnosed with a staph infection (MRSA).  *Id.* ¶ 22.  The staph

infection led to six additional surgical procedures and, ultimately, the partial amputation of

plaintiff's leg.  *Id.* ¶ 23.

Additional facts are included in the Discussion.

## Standard of Review & Choice of Law

In its skeletal, three-page Motion ISE asserts that the Motion is brought "pursuant to

[Fed. R. Civ. P.] 9 and 12," but defendant does not specify under which subsections of Fed. R.

Civ. P. 12 it seeks dismissal.  ECF 4 at 1, 1-4.  The entirety of ISE's argument is set forth below,

*id.* at 3:

> a.  Under F.R.C.P. 9, the Plaintiff lacks the capacity to sue because he was an
>     employee of ISE at the time of this incident; therefore his exclusive remedy is
>     to file a Workers' Compensation claim.
>
> b.  For the same reason, but referencing the language of F.R.C.P. 12, the Federal
>     District Court — or any court in this state — is an improper venue.  It follows
>     logically that this Court does not have jurisdiction over a case which belongs
>     before the Maryland Workers' Compensation Commission and, in addition,
>     that Plaintiff has failed to state a claim upon which relief can be granted.

Defendant's underlying argument is that the Fischers' "exclusive remedy is to file a

Workers' Compensation claim."  *Id.*  Referencing this assertion, defendant then invokes claims

for dismissal under Rules 12(b)(3), 12(b)(1), and 12(b)(6), reciting certain keywords.

Specifically, defendant states that this Court "is an improper venue;" that the Court "does not

have jurisdiction over a case which belongs before the Maryland Workers' Compensation

Commission;" and that "Plaintiff has failed to state a claim upon which relief can be granted."
*Id.*

Both sides have submitted information outside the pleadings that speak to Mr. Fischer's status at the time of his fall.  However, I need not consider this information to decide the Motion. Thus, I will not convert defendant's motion to dismiss to one for summary judgment.  Rather, I will consider defendant's Motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6), with the argument as to each being that the Fischers' exclusive remedy is to file a Workers' Compensation claim with the Maryland Workers' Compensation Commission.  *Id.*

**Discussion**

1.

The parties seem to agree that Mr. Fischer's status at the time of his fall — that is, whether he was an employee or an independent contractor — has jurisdictional consequences for this Court.  Neither side provides any helpful discussion of the issue, however.

As discussed, defendant claims that "because [Mr. Fischer] was an employee of ISE at the time of this incident," his "exclusive remedy is to file a Workers' Compensation claim," and therefore this Court "does not have jurisdiction over a case which belongs before the Maryland Workers' Compensation Commission."  ECF 4 at 3.  In their Opposition, plaintiffs argue that Mr. Fischer was an independent contractor, not an employee, but they do not discuss the jurisdictional question raised by ISE.  Regarding jurisdiction, plaintiffs merely state: "Because Plaintiff Paul Fischer was an 'independent contractor' and not an employee of ISE America at the time of the occurrence, … this Court is the proper venue with subject matter jurisdiction to resolve disputes and claims raised in Plaintiffs' Complaint."  ECF 6 at 4.

Maryland law applies to the substance of plaintiffs' claims. *See*, *e.g.*, *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013) ("A federal court sitting in diversity is required to apply the substantive law of the forum state, including its choice-of-law rules.") (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941) and *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938)); s*ee also*, *e.g.*, *Hauch v. Connor*, 295 Md. 120, 123-33, 453 A.2d 1207, 1209-14 (1983) (applying law of the forum state to workers' compensation claim). Neither party disputes that Maryland law applies. *See generally* Motion, Opposition.

However, "[i]t is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Moreover, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Pursuant to Fed. R. Civ. P. 12(h)(3), "the court must dismiss the action" if it determines that it lacks subject matter jurisdiction "at any time."

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction; or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns,* 585 F.3d at 192; *see also Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997). In a factual challenge, on the other hand, "the district court is entitled to decide

disputed issues of fact with respect to subject matter jurisdiction." *Kerns,* 585 F.3d at 192.  In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia,* 370 F.3d 392, 398 (4th Cir. 2004); *see also United States ex rel. Vuyyuru v. Jadhav,* 555 F.3d 337, 347–48 (4th Cir. 2009) ("Unless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute,' the district court may ... resolve the jurisdictional facts in dispute by considering evidence ... such as affidavits.") (citation omitted).

Here, defendant seems to assert a factual challenge to the Court's jurisdiction.  ISE states: "Plaintiff alleges that he was a business invitee on the ISE premises where this incident allegedly occurred." ECF 4 at 1.  But, according to defendant, Mr. Fischer "is more accurately described as an actual employee of ISE on the incident.  In fact, Plaintiff had worked for ISE for over fifteen (15) years, ever since he had been offered a job in 1996." *Id.* at 2.  As discussed, defendant proceeds to argue that this application-of-law-to-fact question affects the Court's subject matter jurisdiction.

Defendant does not cite any provision of Maryland law in its Motion.  But, the Maryland Workers' Compensation Act states: "Except as otherwise provided in this title, the liability of any employer under this title is exclusive."  Md. Code (2008 Repl. Vol.), § 9-509 of the Labor and Employment Article ("L.E."); *see also Bd. of Educ. of Prince George's Cnty. v. Marks-Sloan*, 428 Md. 1, 36, 50 A.3d 1137, 1158 (2012) ("With certain limited exceptions, the Workers' Compensation Act is a substitute for the employer's common law liability for negligence, subject to his common law defenses, and creates an absolute, but limited, liability

regardless of fault, such liability upon a conforming employer being exclusive.") (internal quotations omitted).  Under Maryland law, L.E. § 9-509 is not a jurisdictional provision; it is an affirmative defense.  *See*, *e.g.*, *Gilbert v. Washington Suburban Sanitary Comm'n*, 304 Md. 658, 661, 500 A.2d 1039, 1041 (1985) ("The defense challenging subject matter jurisdiction is unavailing because the Circuit Court has jurisdiction to try the action filed by Gilbert, and the question of workmen's compensation as an exclusive remedy should have been raised as an affirmative defense.").

In their complaint, plaintiffs invoke the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  ECF 1 at 2.  Plaintiffs allege that they are citizens of Pennsylvania, ECF 1 at 1, and that defendant is a corporation incorporated in Delaware with a principal place of business located in Delaware.  ECF 1 at 2.  Defendant does not challenge the truth of these allegations.  *See* Motion, ECF 4.  Thus, I will accept plaintiffs' allegations as true.  *See Kerns*, 585 F.3d at 192 (Unless a factual challenge is made, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.").  It follows that plaintiffs have properly shown complete diversity of citizenship.  *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 170 (4th Cir. 2014).

To be sure, 28 U.S.C. § 1332 requires more than diversity of citizenship; plaintiffs did not allege the requisite amount in controversy.  But, defendant does not argue that plaintiffs have failed to allege a sufficient amount in controversy.  Moreover, it is facially apparent that the claim exceeds the statutory minimum of more than $75,000.  Plaintiffs allege that Mr. Fischer underwent seven surgical procedures and lost part of his leg as a result of defendant's negligence.  ECF 1 ¶¶ 21, 23.  They allege as damages Mr. Fisher's expenses for medical

treatment; lost wages and diminishment of future earning capacity; and "great pain, inconvenience, embarrassment, and mental anguish." ECF 1 ¶ 24. And, both plaintiffs allege loss of consortium. ECF 1 ¶ 35.

Courts often find that the amount in controversy exceeds $75,000 where plaintiffs allege "serious permanent injuries and significant medical expenses." *McCoy by Webb v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (collecting cases); *see also Marchese v. JP Morgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 460-61 (D. Md. 2013) (In "'removal practice, when a complaint does not allege a specific amount of damages … [t]he district court must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount.'") (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998)) (alterations in original) (additional internal quotations removed); *Larson v. Actavis Inc.*, JRG-09-cv-1331, 2010 WL 610053, at *4 (S.D.W.V. Feb. 8, 2010) (holding it was "facially apparent that the amount in controversy is likely to exceed $75,000" where plaintiff was "forced to undergo hospitalization for four days" and "demonstrated significant … complications … and five weeks being bedridden due to alleged complications"). This case is no different — it is facially apparent that plaintiffs' claims exceed $75,000 in potential damages.

Thus, plaintiffs have shown complete diversity of citizenship as well as the requisite amount in controversy. Therefore, plaintiffs have properly invoked this Court's diversity jurisdiction. *See* 28 U.S.C. 1332(a)(1). Therefore, defendant's motion to dismiss under Rule 12(b)(1) is without merit.

2.

Defendant argues that this Court is an improper venue for the same reason that defendant asserts this Court lacks subject matter jurisdiction.  Defendant states:  "Under F.R.C.P. 9, the Plaintiff lacks the capacity to sue because he was an employee of ISE at the time of this incident; therefore his exclusive remedy is to file a Workers' Compensation claim.  For the same reason, but referencing the language of F.R.C.P. 12, the Federal District Court — or any court in this state — is an improper venue."  Motion at 3.  Plaintiffs have not responded to defendant's venue argument.  *See* ECF 6.  But, they allege that venue is proper under 28 U.S.C. § 1391 because "all causes of action set forth in the Complaint concern obligations and events that occurred in Millington, Maryland."  ECF 1 ¶ 4.

Defendant does not explain how the availability of a particular "remedy" under State law relates to the question of venue under federal law.  *See generally* ECF 4.  In *Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Tex.*, --- U.S. --, 134 S. Ct. 568, 577 (2013), the Supreme Court said: "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b).  If it does, venue is proper … .".

Section 1391(b) of Title 28 of the U.S.C. states:

A civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

It appears that venue is proper in this Court, under 28 U.S.C. § 1391(b).  *See* ECF 1 ¶ 4.

Accordingly, defendant's motion to dismiss under Rule 12(b)(3) is unavailing.

3.

Defendant also alleges that, because the Fischers' "exclusive remedy is to file a Workers'

Compensation claim," plaintiffs' complaint fails to state a claim for which relief can be granted.

Motion at 3.  Defendant's skeletal argument does not make clear to the Court how this assertion

relates to the sufficiency of plaintiffs' complaint.

Defendant seems to argue that plaintiffs' complaint should include some allegation

pertaining to whether Mr. Fischer has filed, could file, or will file a workers' compensation

claim.  However, as discussed above, under Maryland law the exclusivity of the "remedy" is an

affirmative defense.  *E.g.*, *Gilbert*, 304 Md. at 661, 500 A.2d at 1041.  And, plaintiffs are not

required to anticipate and address affirmative defenses in their complaint.  *See*, *e.g.*, Fed. R. Civ.

P. 8(c) (pleading affirmative defenses); *see also* 5 Charles Wright & Arthur R. Miller, FEDERAL

PRACTICE AND PROCEDURE § 1272 (3d ed. 2004) ("[I]f state law regards a matter as an

affirmative defense, it usually will be treated in the same fashion in federal court in that state

even though it is not specifically listed in Rule 8(c) on the theory that it falls within the residuary

clause of the federal rule.").

Moreover, the Workers' Compensation statute would not apply if, as plaintiffs allege, Mr.

Fischer was not an employee of defendant.  And, that factual issue has not yet been resolved.

Although both parties have submitted evidence on this factual question, a motion under Rule

12(b)(6) is not the proper vehicle for resolution of factual questions.  Courts generally do not

"resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses"

through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The Rule exists primarily to ensure that defendants are "given adequate notice of the nature of a claim" made against them. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 555 n.3 (2007).

Finally, although defendant asserts that plaintiffs lack the capacity to sue under Fed. R. Civ. P. 9, the same rule states, under subsection (1): "[A] pleading need not allege … a party's capacity to sue or be sued," unless such allegation "is required to show that the court has jurisdiction." As discussed above, plaintiffs have properly alleged facts supporting this Court's jurisdiction under 28 U.S.C. § 1332.

Accordingly, defendant's motion under Rule 12(b)(6) also lacks merit.

## Conclusion

For the foregoing reasons, I will DENY defendant's Motion (ECF 4). A separate Order follows, consistent with this Memorandum Opinion.

Date: November 5, 2014 _____/s/_____
Ellen Lipton Hollander
United States District Judge